## Crone v. Bane.

1. *Question of Fact.*—Where a fair question of fact is submitted to the jury, appellate courts are not disposed to interfere with their conclusions.

2. *Distress for Rent.*—A tenant sold his grain to S., who was a grain dealer, and had, from the proceeds, paid his landlord all that was due him, except $200. The landlord claiming a lien upon the money requested S. to pay it to him; the tenant instructed S. to do so; under this state of facts *it was held*, that the landlord having a lien upon the money which was recognized by both S. and the tenant, and having asserted such lien, to which the tenant assented, it should be regarded as an appropriation of the money by the landlord, and before he can proceed against the tenant by distress for that amount he ought to show a failure, upon a reasonable effort, to get the money.

Memorandum.—Distress for rent. Appeal from a judgment for defendant rendered by the Circuit Court of Cass County; the Hon. CYRUS EPLER, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed October 17, 1892.

### APPELLANT'S STATEMENT OF THE CASE.

This was an action brought by Henry Crone, landlord, against George Bane, tenant, for balance of rent due on March 1, 1892, for the sum of $200 balance and $18.16 interest upon a written lease made August 14, 1888, by and between said parties, beginning March 1, 1889, and ending upon March 1, 1892. Distress warrant issued March 15, 1892, for $218.16; plea of non-assumpsit, verdict for de-

fendant. Motion to set aside verdict and for new trial overruled, and appeal.

J. N. GRIDLEY, attorney for appellant.

APPELLEE'S BRIEF.

. The jury were warranted in finding against appellant as to the items of interest and the verdict will not be disturbed. Hewitt v. Estelle, 92 Ill. 218; Kightlinger v. Egan, 65 Ill. 131; Power v Cavanaugh, 17 Brad. 77.

R. W. MILLS, attorney for appellee.

OPINION OF THE COURT.

This was a proceeding by distraint. Verdict and judgment for defendant. The landlord claimed a balance of $200 on the rent for the last year and $18 for interest on delayed payments for the preceding year. The last item was based mainly upon the clause in the lease which made the payment due when the crop was sold, and the plaintiff insisted that it was sold at a given date to one Hageman, while defendant insisted he did not sell to Hageman at all, but merely left it on deposit subject to further orders, and that the bailee converted the grain into money and absconded. It was a fair question of fact for the jury and we are not disposed to interfere with their conclusion on this point.

A very small part of the interest claimed was on a balance of $28, as defendant states, which was not paid promptly. When it was paid, a short time after due, nothing was said about interest. In fact, the item is a mere trifle of a few cents only, and no doubt both parties considered it too small to be taken into account, and it should be so treated now in view of this action of the parties.

The item for $200 was for the balance of rent on the last year. It is not averred this had been paid the plaintiff. It is insisted, however, that under the circumstances the plaintiff should not claim it of defendant. It appears that

defendant sold his grain to one Savage, who was a grain dealer, and had from the proceeds paid plaintiff all that was due him except $200. And it further appears, at least the evidence tends to show, that the plaintiff, claiming a lien upon the money, requested Savage to pay it to him, and that defendant, recognizing the fact that plaintiff might assert a lien upon the money, instructed Savage to do so.

This state of facts would certainly relieve defendant from the liability to plaintiff if Savage had agreed to pay and if the plaintiff had accepted him as his debtor.

Having a lien upon the money which was recognized by Savage as well as by the defendant, and having asserted the lien, to which defendant and Savage assented, we think it should be regarded as an appropriation of the money by plaintiff, and that before he can be permitted to proceed against defendant by distraint for that amount he ought to show a failure, upon reasonable effort made, to get the money.

By thus stopping it in the hands of Savage and substantially appropriating it himself he deprived defendant of his most efficient and only ready means of paying the debt.

He ought to account for what he has thus received, or by proper effort might have received, before calling upon the defendant.

The judgment seems to be quite responsive to the merits and it will be affirmed.